PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone:  (818) 883-4900
Fax:             (818) 883-4902
Email:          peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:  (213) 599-8255
Fax:             (213) 402-3949
Email:          lonnieblanchard@gmail.com

Attorneys for Plaintiff Michael Kirchner

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Kirchner, an individual, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>Shred-It USA Inc., a Delaware Corporation, First Advantage LNS Screening Solutions, Inc., and Does 1 through 10,<br><br>     Defendants. | **Case No.**<br><br>**Class Action Complaint and Demand for Jury Trial** |

Plaintiff Michael Kirchner ("Plaintiff") alleges:

**Complaint**

1

1. This class action alleges that certain policies and practices followed by Defendants Shred-It LLC and First Advantage LNS Screening Solutions, Inc. ("First Advantage") in furnishing, using, procuring, and/or causing to be procured consumer reports for employment purposes violate the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq*. Specifically, Defendants violate Section 1681b(b) of the FCRA by furnishing, using, procuring, and/or causing to be procured consumer reports for employment purposes by failing to make proper disclosures required thereunder.

## JURISDICTION/VENUE

2. The Court has jurisdiction under 15 U.S.C. Section 1681p.
3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because the Defendants regularly do business in this district.

## PARTIES

4. Michael Kirchner ("Plaintiff") is a resident of California and is a "consumer" protected by the FCRA.
5. Shred-It USA Inc. ("Shred-It") is a Delaware corporation. Shred-It was a "user" of a consumer reports for employment purposes pertaining to Plaintiff and certain class members and procured and/or caused them to be procured by Defendant First Advantage.
6. Defendant First Advantage is a business the form of which is unknown. First Advantage furnished consumer reports to Shred-It and other persons for employment purposes and procured or caused to be procured consumer reports with respect to Plaintiff and class members for employment purposes.
7. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are

**Complaint**

2

involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

8. Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

## First Claim for Relief

## Violation of the FCRA Section 1681b(b)

9. Plaintiff realleges the preceding paragraphs.

10. The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

11. Shred-It and First Advantage are each a "person" as defined by the FCRA.

12. The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be

Complaint
3

13. Shred-It, as standard practice, routinely obtains "consumer reports" about its employees or prospective employees for employment purposes.

14. At all times relevant hereto, First Advantage was a "consumer reporting agency" governed by the FCRA and was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. Section 1681(d), to third parties, including Shred-It, for employment purposes.

15. Section 1681b(b) of the FCRA regulates the conduct of "persons" who furnish or use a "consumer report" for employment purposes as follows:

> (b) Conditions for furnishing and using consumer reports for employment purposes
>
> (1) Certification from user
>
> A consumer reporting agency may furnish a consumer report for employment purposes only if --
>
> (A) the person who obtains such report from the agency certifies to the agency that--
>
> (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and
>
> (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and
>
> (B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.
>
> (2) Disclosure to consumer

**Complaint**
4

        (A) In general

        Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--

        (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

        (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

    . . .

16. Plaintiff applied for a job with Shred-It on or about April 13, 2011.

17. As part of the application process, Plaintiff was presented with and executed a document entitled "USA – NOTICE, AUTHORIZATION AND RELEASE FOR A CONSUMER REPORT." (See Exhibit 1.) This form was prepared by First Advantage and provided by First Advantage to Shred-It and other employers. This authorization page provides for and requests a comprehensive list of information from the employee or prospective employee including a provision waiving or releasing rights and a provision relating to representations by the employee as follows:

> I hereby release and forever discharge the holder(s) of information relating to the above items, First Advantage, and Securit / Shred it, and their respective affiliated entities and all of their former, current, and future partners, directors, officers, employees, agents, successors and assigns, including those belonging to their respective affiliated entities, from any actions, claims, and demands of any kind whatsoever in any way relating to the collection, disclosure, or use of this information by the holder(s) of information relating to the above items, First Advantage or Securit / Shred It.

> I further declare that the information presented on my resume, application, this Release and/or information provided verbally by me to Securit / Shred It, is complete and accurate. I understand that a false statement will disqualify me from employment and give Securit / Shred It cause for my dismissal if I am employed by it. I further understand this consent is valid for the duration of my employment.

18. Defendant First Advantage violated Section 1681b(b)(1) by furnishing consumer reports for employment purposes without obtaining accurate certifications from Shred-It and other persons to whom they furnished consumer reports for employment purposes that they had complied with the provisions of subparagraph (2) and by knowing or recklessly failing to know that the disclosure and authorization form they provided to Shred-It and other persons to whom they furnished consumer reports for employment purposes did not comply with the provisions of Section 1681b(b)(2).

19. Defendant First Advantage violated Section 1681b(b)(2) by providing Shred-It and other persons to whom they furnished consumer reports for employment purposes with the disclosure and authorization forms used by such persons, which forms First Advantage knew or recklessly failed to know did not comply with the provisions of Section 1681b(b)(2), thereby procuring or causing to be procured a consumer report for employment purposes without the making of the required disclosure in compliance with the provisions of Section 1681b(b)(2).

20. Defendant Shred-It violated Section 1681b(b)(2) by procuring or causing to be procured consumer reports for employment purposes without making the required disclosure "in a document that consists solely of the disclosure" by using the disclosure and authorization form to obtain indemnity and a release of claims from consumers.

21. Defendants knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendants obtained

or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable employer or consumer reporting agency knows about or can easily discover these obligations.

22. Despite knowing of these legal obligations, Defendants acted consciously in breaching their known duties and depriving Plaintiff and other Class members their rights under the FCRA.

23. As a result of these FCRA violations, Defendants are liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

24. Plaintiff and Class Members are entitled to equitable relief against Defendants requiring their compliance with the FCRA in all future instances and/or re-employment of Plaintiff, and enjoining their future violations of the FCRA.

25. Plaintiff discovered Defendants' violation(s) within the last two years when he obtained and reviewed his personnel file from Defendants and discovered that Defendants had furnished, used, procured and/or caused to be procured a "consumer report" regarding him for employment purposes.

## CLASS ACTION ALLEGATIONS

26. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class initially defined as follows:

### First Advantage Class

All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom First Advantage furnished consumer reports for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p and as to which such class members did not receive the legally required disclosures under Section 1681b(b)(2).

### Shred-It Sub-Class

> All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Shred-It or any of its related companies procured or caused to be procured a consumer report for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p without providing the legally required disclosures under Section 1681b(b)(2).

27. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Class are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

28. Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a. Whether Defendants violated Section 1681b(b) by procuring or causing to be procured consumer reports for employment purposes without making the required disclosure "in a document that consists solely of the disclosure" as required by Section 1681b(b)(2)(A)(i).

    b. Whether Defendant First Advantage violated Section 1681b(b) by furnishing consumer reports for employment purposes knowing or reckless failing to know that First Advantage had not obtained accurate certifications from the persons to whom they provided such reports that such persons had complied with Section 1681b((b)(2).

    c. Whether Defendants' violations were willful.

29. **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the class claims as the other members of the Class.

30. Adequacy. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Classes because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

31. Superiority. Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

32. Injunctive Relief Appropriate for the Class. Fed. R. Civ. P. 23(b)(2). Class certification is appropriate because Defendants have acted on grounds generally applicable to the Classes, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CIVIL CODE SECTION 1786.16

33. Plaintiff realleges paragraphs 1 through 7.

34. California has enacted the Investigative Consumer Reporting Agencies Act, Civ. Code, §§ 1786 to 1786.60 ("ICRAA").

35. Section 1786.2 defines certain terms as follows:

> (a) The term "person" means any individual, partnership, corporation, limited liability company, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity. The term "person" as used in this title shall not be construed to require duplicative reporting by any individual, corporation, trust, estate, cooperative, association, government, or governmental subdivision or agency, or other entity involved in the same transaction.
>
> (b) The term "consumer" means a natural individual who has made application to a person for employment purposes, for insurance for personal, family, or household purposes, or the hiring of a dwelling unit, as defined in subdivision (c) of Section 1940.
>
> (c) The term "investigative consumer report" means a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means. The term does not include a consumer report or other compilation of information that is limited to specific factual information relating to a consumer's credit record or manner of obtaining credit obtained directly from a creditor of the consumer or from a consumer reporting agency when that information was obtained directly from a potential or existing creditor of the consumer or from the consumer. Notwithstanding the foregoing, for transactions between investigative consumer reporting agencies and insurance institutions, agents, or insurance-support organizations subject to Article 6.6 (commencing with Section 791) of Chapter 1 of Part 2 of Division 1 of the Insurance Code, the term "investigative consumer report" shall have the meaning set forth in Section 791.02 of the Insurance Code.
>
> (d) The term "investigative consumer reporting agency" means any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any

> licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent.
>
> . . .
>
> (f) The term "employment purposes," when used in connection with an investigative consumer report, means a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee.
>
> . . .

36. Shred-It is a "person" described in Civil Code Section 1786.12(d).

37. Shred-It, as standard practice, routinely obtains "investigative consumer reports" about its employees or prospective employees.

38. Civil Code Section 1786.16 provides:

> (a) Any person described in subdivision (d) of Section 1786.12 shall not procure or cause to be prepared an investigative consumer report unless the following applicable conditions are met:
>
> . . .
>
> (2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if ***all of the following apply***:
>
>> (A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.
>>
>> (B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made ***in a document that consists solely of the disclosure***,
>>
>>> (i) An investigative consumer report may be obtained.
>>>
>>> (ii) The permissible purpose of the report is identified.

**Complaint**
11

    (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

    (iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

    (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22. . . .

  (C) The consumer has authorized in writing the procurement of the report.

(4) The person procuring or causing the request to be made shall certify to the investigative consumer reporting agency that the person has made the applicable disclosures to the consumer required by this subdivision and that the person will comply with subdivision (b). (Emphasis added.)

39. The disclosure provided to Plaintiff is attached as Exhibit 1.

40. Defendants violated Section 1786.16 by failing to provide the requisite notice to Plaintiff before procuring a consumer investigative report concerning Plaintiff.

41. Defendant's violation of the statute was grossly negligent or willful in that Defendants knew or should have known about their legal obligations under the ICRAA. These obligations are well established in the plain language of the ICRAA. Defendants obtained or had available substantial written materials which apprised them of their duties under the ICRAA. Any reasonable employer knows about or can easily discover these obligations. Despite knowing of these legal obligations, Defendants acted willfully or in a grossly negligent manner in breaching their known duties and depriving Plaintiff of his rights.

42. Plaintiff discovered Defendants' violation(s) within the last two years when he obtained and reviewed his personnel file from Defendants and discovered that Defendants had procured an "investigate consumer report" regarding him without providing legally required notice.

**Complaint**

43. As a result of Defendants' violation of the statute, Plaintiff is entitled to recover actual damages or $10,000, whichever is greater, pursuant to Civil Code Section1786.50.

44. As a result of Defendants' violation of the statute, Plaintiff is entitled to recover reasonable attorney's fees pursuant to Civil Code Section1786.50.

45. As a result of Defendants' violation of the statute, and because Defendants' violation was willful or grossly negligent, Plaintiff is entitled to punitive damages, according to proof, pursuant to Civil Code Section 1786.50.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1. For an order certifying the proposed FCRA class under Federal Rule 23 and appointing Plaintiff and Plaintiff's undersigned counsel of record to represent same;
2. For statutory damages;
3. For punitive damages;
4. For injunctive relief as requested;
5. For attorney's fees and costs;
6. For interest as provided by law;

**Complaint**

7. For such other and further relief as the Court deems proper.

Dated: June 16, 2014            THE DION-KINDEM LAW FIRM

BY: _____
    PETER R. DION-KINDEM, P.C.
    PETER R. DION-KINDEM
    Attorney for Plaintiff Michael Kirchner

# Exhibit 1


**FIRST** Advantage

## USA - NOTICE, AUTHORIZATION AND RELEASE FOR A CONSUMER REPORT

I, _Michael Kirchner_ (applicant name), have applied for employment with Securit / Shred It. I understand that a condition of employment is verification of my full employment and education backgrounds and histories from any source and of all data provided on my resume, application and/or this Release, and completion to the satisfaction of Securit / Shred It.

Pursuant to the federal Fair Credit Reporting Act, I hereby authorize Securit / Shred It and First Advantage to conduct a review of my background through a consumer report and/or an investigative consumer report to be generated for employment, promotion, reassignment or retention as an employee. I understand that the scope of report may include, but is not limited to, the following areas: **verification of Social Security Number, current and previous residences, employment history, education, references, credit history and reports, criminal history, including records from any criminal justice agency in any or all federal, state, or county jurisdictions, motor vehicle records, any other background information from persons or agencies having knowledge about me.** I understand that Securit / Shred It will use the results of this inquiry into my background in order to confirm my suitability for employment.

By my signature below, I authorize the complete release of these records or data pertaining to me which an individual, company, firm, corporation or public agency may have. I hereby authorize and request any present or former employer, school, police department, financial institution or other persons having personal knowledge of me to furnish Securit / Shred It or First Advantage, with any and all information in their possession regarding me in connection with an application of employment. I hereby release and forever discharge the holder(s) of information relating to the above items, First Advantage, and Securit / Shred It, and their respective affiliated entities and all of their former, current, and future partners, directors, officers, employees, agents, successors and assigns, including those belonging to their respective affiliated entities, from any actions, claims, and demands of any kind whatsoever in any way relating to the collection, disclosure, or use of this information by the holder(s) of information relating to the above items, First Advantage or Securit / Shred It.

I further declare that the information presented on my resume, application, this Release and/or information provided verbally by me to Securit / Shred It, is complete and accurate. I understand that a false statement will disqualify me from employment and give Securit / Shred It cause for my dismissal if I am employed by it. I further understand this consent is valid for the duration of my employment.

I understand that, pursuant to the Fair Credit Reporting Act, if any adverse action is taken based upon the consumer report, a copy of the report and a summary of the consumer's right will be provided to me. For California, Minnesota or Oklahoma applicants only, if you would like to receive a copy of the consumer report, if one is obtained, please check this box. ☐ If checked and you are a California applicant, a copy of the consumer report will be sent within three (3) days of the employer receiving a copy of the consumer report. For California applicants only, if public record information about your character, general reputation, personal characteristics, and mode of living is obtained without using a consumer reporting agency, you will be supplied a copy of the public record information within seven (7) days of the employer's receipt unless you check this box where you hereby waive your right to obtain a copy of the consumer report. ☐

Name: (**M**)or F  _Michael_ _____
(circle)     Given First Name(s)                    Surname

Maiden/Previous Surnames: _____ Social Security Number: ███

Birth Date: ███ _____ Driver License Number and State of Issue ███
(mm/dd/yy)                                                    (Required for driver record search)

Current Address: _1015 South School St._ _Lodi_ _CA_ _95240_
Street Name and Number    City    State    Zip Code

Previous Address: _____
Street Name and Number    City    State    Zip Code

Applicant's Signature: _Michel Kirchner_  Date: _11/21/11_

Witness Name: _Terry Booker_  Witness Signature: _[signature]_