UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MICHAEL KIRCHNER, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHRED-IT USA INC., a Delaware Corporation; FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., and Does 1 through 10,<br><br>　　　　　Defendants. | CIV. No. 2:14-1437 WBS EFB<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTION TO DISMISS</u> |

----oo0oo----

　　　　Plaintiff Michael Kirchner brought this putative class-action lawsuit against defendants Shred-it USA ("Shred-it") and First Advantage LNS Screening Solutions, Inc. ("First Advantage"), in which he alleges that defendants failed to comply with federal credit reporting laws while conducting pre-employment background checks.  Plaintiff has reached a settlement with Shred-it.  Before the court is First Advantage's motion to dismiss plaintiff's First Amendment Complaint ("FAC").

1

I.  <u>Alleged Facts</u>

Plaintiff applied for a job with Shred-it on April 13, 2011.  (FAC ¶ 14 (Docket No. 17).)  As part of the application process, plaintiff received and signed a one-page form entitled "USA – Notice, Authorization and Release for a Consumer Report."  (<u>Id.</u> ¶ 14, Ex. A.)

At some point "within the last two years," plaintiff allegedly obtained and reviewed his personnel file with Shred-it.  (FAC ¶¶ 31, 47.)  Upon doing so, he allegedly discovered that First Advantage had provided Shred-it with a consumer report on him.  (<u>Id.</u> ¶ 16.)  Plaintiff alleges that First Advantage violated the FCRA by furnishing Shred-it with a consumer report on plaintiff without first obtaining a certification from Shred-it stating that Shred-it "has complied" with its statutory obligations "with respect to the consumer report."  (<u>Id.</u> ¶ 39.)

II.  <u>Legal Standard</u>

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a plaintiff pleads facts that are "merely consistent with a

2

defendant's liability," it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

Plaintiff seeks statutory and punitive damages for violations of the FCRA, (FAC ¶¶ 31, 47), which requires him to allege that defendant "willfully fail[ed] to comply with the requirements of [the FCRA]." 15 U.S.C. § 1681n(a) (emphasis added). In Safeco Insurance Company of America v. Burr, the Supreme Court held that the FCRA's use of the term "willfully" requires a plaintiff to show that the defendant's conduct was intentional or reckless. 551 U.S. 47, 57 (2007).

Recklessness consists of "action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." Id. at 68 (citation and internal quotation marks omitted). In other words, "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69. A defendant's violation of the FCRA is not reckless simply because its understanding of a statutory obligation is "erroneous"; instead, a plaintiff must allege, at a minimum, that the defendant's reading of the FCRA is "objectively unreasonable." Id.

In applying this standard, the Supreme Court considered whether the defendant's interpretation "has a foundation in the statutory text" and whether the defendant had "guidance from the

3

courts of appeals or the Federal Trade Commission (FTC) that might have warned it away from the view it took." Id. at 69-70. Noting "a dearth of guidance and . . . less-than-pellucid statutory text," the Court declined to find the defendant's interpretation objectively unreasonable. Id. at 70. Finally, the Court observed that the presence or absence of subjective bad faith made no difference "where, as here, the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation." Id. at 70 n.20.

Safeco's analysis strongly suggests that the issue of whether a defendant's reading of the FCRA was "objectively unreasonable" is a question of law.[1] See Van Straaten v. Shell Oil Prods. Co., 678 F.3d 486, 490-01 (7th Cir. 2012) (stating that the Safeco Court "treated willfulness as a question of law"). The Court in Safeco held that there was no need to remand the case for further factual development because, as a matter of law, "Safeco's misreading of the statute was not reckless." Safeco, 551 U.S. at 71. Perhaps most tellingly, the Court analogized this inquiry to the "clearly established" inquiry required under its qualified immunity precedents--an inquiry that is legal in nature. See id. at 70 (citing Saucier v. Katz, 533 U.S. 194, 202 (2001)).

---

[1] Some courts have treated the question of whether a defendant's conduct was "willful" as a factual inquiry, see, e.g., Edwards v. Toys "R" Us, 527 F. Supp. 2d 1197, 1210 (C.D. Cal. 2007) (citing cases treating willfulness as a question of fact), but these cases either predate Safeco or are distinguishable from the situation in Safeco and the one here because the relevant statute they addressed was "not ambiguous or susceptible to conflicting interpretations," see id. at 1209.

4

1          Accordingly, courts may consider whether a particular
2   interpretation was "objectively unreasonable" upon a motion to
3   dismiss.  See, e.g., Goode v. LexisNexis Risk & Info. Analytics
4   Grp., Inc., 848 F. Supp. 2d 532, 543-46 (E.D. Pa. 2012)
5   (considering court cases and FTC guidance on the question of
6   willfulness for purposes of a motion to dismiss); see also Long
7   v. Tommy Hilfiger U.S.A., Inc., 671 F.3d 371, 378 (3d Cir. 2012)
8   (affirming dismissal upon a motion to dismiss because a
9   defendant's interpretation "although erroneous, was at least
10  objectively reasonable"); Shlahtichman v. 1-800 Contacts, Inc.,
11  615 F.3d 794, 803 (7th Cir. 2010) (same).
12  III. First Advantage's Motion to Dismiss Plaintiff's
13       Certification Claim
14          15 U.S.C. § 1681b(b)(1) requires that a consumer
15  reporting agency obtain certification from a person that the
16  person "has complied with paragraph (2) with respect to the
17  consumer report" before it may "furnish a consumer report for
18  employment purposes."[2]  There is no ambiguity in § 1681b(b)(1)'s
19  language regarding the need to obtain certification.  It would
20  therefore be "objectively unreasonable" under the Safeco standard

---

[2]     Section 1681b(b)(1) provides in relevant part:

A consumer reporting agency may furnish a consumer report for employment purposes only if--

  (A) the person who obtains such report from the agency certifies to the agency that--

  (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable . . ."

15 U.S.C. § 1681b(b)(1) (emphasis added).

for a consumer reporting agency to fail to obtain a certification from an employer before furnishing to that employer a consumer report on an individual. See Safeco, 551 U.S. at 69.

Plaintiff alleges that First Advantage "intentionally or recklessly" violated 15 U.S.C. § 1681b(b)(1) by "furnishing consumer reports regarding Plaintiff and other class members for employment purposes to Shred-it . . . without first obtaining from Shred-it . . . a certification . . . as to each consumer report it furnished." (FAC ¶¶ 39, 43.) Because the court must accept this allegation as true for purposes of this motion, Scheuer, 416 U.S. at 236, plaintiff has plausibly alleged that First Advantage's actions were objectively unreasonable.

First Advantage asks the court to consider several documents in an effort to show that First Advantage never furnished a report on plaintiff and that First Advantage obtained a certification from Shred-it. (See First Advantage's Mem. at 5-13; O'Connor Decl. Ex. A (Docket No. 29-4) (the "Kirchmen Report"); Marsh Decl. Ex. A (Docket No. 29-3) (the "First Advantage Enterprise Screening Corporation Master Agreement").) However, a district court ruling on a motion to dismiss may only consider "a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681-82 (9th Cir. 2006).

Plaintiff disputes the authenticity of the "First Advantage Enterprise Screening Corporation Master Agreement," (see Pl.'s Objections (Docket No. 36)), and neither the "Kirchmen

1  Report" nor the declaration that purports to authenticate it
2  clarify whether that document simply misstates plaintiff's name
3  or was intended as a report on an entirely different person.
4  (See O'Connor Decl. at 1, Ex. A.)  Accordingly, because disputes
5  exist as to the authenticity of both documents, the court cannot
6  consider either of them for purposes of this motion.
7           Because all of First Advantage's arguments for
8  dismissal rely on these documents (see First Advantage's Mem. at
9  5-13), and the court must otherwise accept the truth of
10 plaintiff's allegations, the court must deny First Advantage's
11 motion to dismiss plaintiff's claim of a § 1681b(b)(1)
12 violation.[3]
13           IT IS THEREFORE ORDERED that the motion of defendant
14 First Advantage LNS Screening Solutions, Inc. to dismiss this
15 action as against it be, and the same hereby is, DENIED.
16 Dated:  November 25, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] First Advantage also moves to dismiss plaintiff's class allegations on the basis that they define an impermissible "fail-safe" class. (First Advantage's Mem. at 13-19); see Young v. Nationwide Mut. Ins. Co., 693 F.3d 532, 538 (6th Cir. 2012) ("[A] 'fail-safe' class is one that includes only those who are entitled to relief . . . [and] allow[s] putative class members to seek a remedy but not be bound by an adverse judgment--either those class members win or, by virtue of losing, they are not in the class and are not bound." (internal quotation marks and citations omitted)). Because the issue of class certification is not presently before it, the court will deny First Advantage's motion with respect to this issue without prejudice. First Advantage may assert its fail-safe arguments in opposition to a motion for class certification or, if plaintiff fails to move for certification, move to strike the class allegation pursuant to Federal Rule of Civil Procedure 12(f) prior to trial.