| | |
|---|---|
| SEYFARTH SHAW LLP<br>Mark P. Grajski (SBN 178050)<br>mgrajski@seyfarth.com<br>400 Capitol Mall, Suite 2350<br>Sacramento, California 95814-4428<br>Telephone:     (916) 448-0159<br>Facsimile:     (916) 558-4839<br><br>SEYFARTH SHAW LLP<br>Frederick T. Smith (Admitted *Pro Hac Vice*)<br>fsmith@seyfarth.com<br>Esther Slater McDonald (Admitted *Pro Hac Vice*)<br>emcdonald@seyfarth.com<br>1075 Peachtree Street, N.E., Suite 2500<br>Atlanta, Georgia  30309-3962<br>Telephone:     (404) 885-1500<br>Facsimile:     (404) 892-7056<br><br>Attorneys for Defendant<br>FIRST ADVANTAGE<br>BACKGROUND SERVICES CORP. | THE DION-KINDEM LAW FIRM<br>Peter R. Dion-Kindem, P.C.<br>Peter R. Dion-Kindem (SBN 95267)<br>peter@dion-kindemlaw.com<br>21550 Oxnard Street, Suite 900<br>Woodland Hills, California  91367<br>Telephone:  (818) 883-4900<br>Facsimile:  (818) 883-4902<br><br>THE BLANCHARD LAW GROUP, APC<br>Lonnie C. Blanchard, III (SBN 93530)<br>lonnieblanchard@gmail.com<br>3311 East Pico Boulevard<br>Los Angeles, California  90023<br>Telephone:  (213) 599-8255<br>Facsimile:  (213) 402-3949<br><br>Attorneys for Plaintiff<br>MICHAEL KIRCHNER |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KIRCHNER, an individual, on behalf of himself and all others similarly situated,,<br><br>   Plaintiff,<br><br>   v.<br><br>SHRED-IT USA INC., a Delaware Corporation, FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., and DOES 1 through 10, ,<br><br>   Defendants. | Case No. 2:14-cv-01437-WBS-EFB<br><br>**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |

Subject to the approval of this Court, plaintiff MICHAEL KIRCHNER and defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. (collectively, "the parties") hereby stipulate to the following protective order:

1.     In connection with discovery proceedings in this action, including document productions, interrogatory answers, responses to requests to admissions, depositions, and discovery materials, the

parties hereby designate documents as "confidential" under the terms of this Stipulation for Protective Order ("Order"). The documents protected pursuant to this Order have not been made public and the disclosure of these documents would have the effect of causing harm.

    2.    Per Local Rule 141.1(c), the documents eligible for protection under this Order include:

        A.    Medical information regarding any party to this litigation or any third party, including but not limited to patient medical records.

        B.    Confidential reports and investigations that would reveal the deliberations, communications made related to medical and mental health care provided to the patient and/or personnel records of employees.

        C.    Personnel file or documents relating the employment of any party to this litigation or to the employment of third parties.

        D.    Trade secret information or proprietary information relating to First Advantage Background Services Corp., and related corporate subsidiaries, affiliates, and entities.

        E.    Any other document that a party reasonably determines contains non-public, sensitive, private, confidential, trade secret information or proprietary information.

    3.    This is a class action involving records and personal information (e.g., employment background checks) of potentially many third parties, as well as potential disclosure of proprietary business information and systems and confidential commercial information.  A Court order establishing the process for use, handling, and disclosure "confidential" documents and filing those documents under seal with the Court is therefore necessary under Local Rule 141.1(c).

    4.    By designating documents as "confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

    5.    Documents produced by a party shall be designated by the party as "confidential" by bates stamping copies of the document with the word "CONFIDENTIAL" or by an alternative method acceptable to all parties.  In the event that documents produced during the discovery process that are not designated initially as confidential are later designated as confidential, they shall thereafter be treated as confidential in accordance with this Order.

6. Documents designated as "confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

7. Confidential Material produced pursuant to this Order may be disclosed or made available only to the parties or counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel, and private court reporters or notaries public engaged by the parties in their official capacities). Confidential Material may be provided to any independent office services vendors or expert retained for consultation and/or trial. In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order with the Confidential Material.

8. The Confidential Material produced pursuant to this Order will be redacted with respect to: (i) Social Security numbers; (ii) dates of birth; (iii) financial information (including financial account numbers); and (iv) in all circumstances when federal or state law requires redaction.  Each redaction must be identified by showing what information has been redacted (e.g., "Social Security number," etc.) This provision complies with E.D. Local Rule 140.

9. If any party objects to the designation of Confidential Material, that party shall so state its objection in a letter to counsel for the party making the designation.  The parties shall thereafter meet and confer within seven days of the designating party's receipt of this letter.  If the parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality within 21 days ("Time Period") of the "meet and confer" conference, provided that the Time Period may be extended by the parties' agreement.  If no motion is made within the Time Period, including as extended, the confidential designation shall be deemed to be withdrawn as to the material in dispute.  Until the Court rules on the motion, Confidential Material shall continue to be treated as so designated and any papers filed with the Court may not include such Confidential Material (except as provided for in Paragraph 8), but may refer to them by proper identification, such as Bates Stamp number or date and author.

10. If a party would like to use Confidential Material in Court filings, at least seven (7) days' notice shall be given to all parties. All parties shall comply with the requirements of E.D. Local Rule

141, in the event that a party would like Confidential Material to be sealed.  In lieu of seeking a motion to seal, the parties may agree to redact identifying information relating to any patient.  Nothing in this Order shall prevent any party from disclosing its own Confidential Material as it deems appropriate and any such disclosure shall not be deemed a waiver of any kind whatsoever or a waiver of any other party's obligation under the  Order.

11.    Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

12.    If a party to this Order in possession of Confidential Material receives a subpoena from a non-party seeking the production or other disclosure of Confidential Material, that party shall immediately give written notice to counsel of record for the party who provided the Confidential Material being sought, which such notice shall include a copy of the subpoena.  Where possible, at least seven (7) days' notice before production or other disclosure should be given.  In no event shall production or disclosure be made before telephone notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the party to whom such notice has been given, at least three (3) business days, to take appropriate action, including seeking judicial relief.

13.    This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document.

14.    By this Order, the parties do not waive any rights to object to any discovery request, seek any further protective order, or seek relief from the Court from any provision of this Order by application on notice on any grounds.  Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER

18639388v.6

15. This Order shall not control the use of any evidence during the trial or any hearing of this case. However, nothing herein shall preclude either party from seeking the assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

16. The inadvertent production or disclosure of any material in discovery or otherwise (including material that is or should have been designated as Confidential Material) shall not effect a waiver of any privilege at law or in equity or any rights or obligations arising from or related to this Order, provided the party making such production or disclosure acts promptly to notify the relevant parties or persons of the inadvertent production or disclosure and to remedy the inadvertent production or disclosure upon the discovery thereof.

17. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

18. The parties may modify the provisions of this Order at any time by stipulation approved by order of the Court.

19. This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within forty-five (45) days of final termination of this action, which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

**IT IS SO STIPULATED.**

///

///

///

///

| | |
|---|---|
| DATED:  March 18, 2015 | SEYFARTH SHAW LLP |
| | By:  /s/ Esther Slater McDonald |
| | Mark P. Grajski<br>Frederick T. Smith (Admitted *Pro Hac Vice*)<br>Esther Slater McDonald (Admitted *Pro Hac Vice*) |
| | Attorneys for Defendant<br>FIRST ADVANTAGE BACKGROUND SERVICES CORP. |
| DATED: March 18, 2015 | THE DION-KINDEM LAW FIRM |
| | By:  /s/ Peter R. Dion-Kindem<br>Peter R. Dion-Kindem |
| | Attorney for Plaintiff<br>MICHAEL KIRCHNER |

IT IS SO ORDERED.
DATED:  March 18, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER

18639388v.6