# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Kirchner, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>Shred-It USA Inc., a Delaware Corporation, First Advantage LNS Screening Solutions, Inc., and Does 1 through 10,<br><br>    Defendants. | **Case No. 2:14-CV-01437-WBS-EFB**<br>**CLASS ACTION**<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

Based on the parties' Joint Motion for Final Approval of the Proposed Settlement, the Final Fairness Hearing, and good cause shown, and the Court expressly finding that there is no just reason for delay, IT IS HEREBY ORDERED:

1. The Settlement Agreement, dated February 11, 2015, including its exhibits (the "Settlement Agreement") and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this

**FINAL APPROVAL ORDER AND JUDGMENT**

1

Court's Preliminary Approval Order:

> All individuals as to whom, during the period from June 16, 2009 through June 16, 2014, Shred-it procured or caused to be procured a consumer report for employment purposes who signed an authorization form, in electronic or written form, allowing for consumer reports to be obtained which included a liability release or other language of any kind other than the authorization and disclosure permitted under the Fair Credit Reporting Act, 15 U.S.C. 1681b(b)(2).

3. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations among Plaintiff, Class Counsel and Shred-it.

4. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Paragraphs 33 through 35 of the Settlement Agreement in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and Settlement Award distribution procedures set forth in Paragraphs 21 through 26 and 33 through 35 of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6. This Court hereby finds and concludes that the notice provided by Shred-it to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable and adequate" settlement as to all Settlement Class Members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8. The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

9. The Court approves Class Counsel's application for $62,500 attorney's fees.

10. The Court approves Class Counsel's application for costs in the amount of $2,178.96 to Peter R. Dion-Kindem, P.C. and $1,087.63 to Blanchard Law Group, APC.

11. The Court approves the service award to Michael Kirchner in the amount of $5,000.

12. The Court approves the payment of Settlement Administrator Costs to Simpluris, Inc. in the amount of $31,000.

13. The releases provided for in the Settlement Agreement shall and are be effective as of the Effective Date of the Settlement Agreement.

14. Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties and the Settlement Class. The Clerk of the Court is directed to enter this Order on the docket forthwith.

Dated: October 20, 2015

*[signature]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE