UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MICHAEL KIRCHNER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP. and DOES 1 through 10,<br><br>    Defendant. | CIV. NO. 2:14-1437 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT |

----oo0oo----

Plaintiff Michael Kirchner brought this action against defendants Shred-It USA, Inc. ("Shred-It") and First Advantage Background Services Corp. ("First Advantage") for alleged violations of the Fair Credit Reporting Act ("FCRA"). (First Am. Compl. ("FAC") (Docket No. 17).) Plaintiff has settled with Shred-It, and First Advantage is the only defendant remaining in

1

this action.  First Advantage now moves to dismiss plaintiff's first amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  (First Advantage's Mot. (Docket No. 71).)

In April 2011, plaintiff applied for a job with Shred-It.  (FAC ¶ 14.)  As part of the application process, plaintiff completed and signed a one-page form "authoriz[ing] Securit / Shred It and First Advantage to conduct a review of [his] background through a consumer report."  (Id. Ex. 1, USA - Notice, Authorization and Release for a Consumer Report ("Consent Form").)  In addition to authorizing release of plaintiff's consumer report, the form authorizes defendants to obtain information about plaintiff from his former employers, financial institutions, and public agencies, and certifies that plaintiff provided accurate information on his employment application.  (See id.)

Plaintiff alleges that by failing to provide him notice of release of his consumer report "in a ***completely separate document***," Shred-It violated section 1681b(b)(2) of the FCRA ("(b)(2)"), which requires that such notice be "made . . . in a document that consists solely of the [notice]."[1]  (Id. ¶ 17.) Plaintiff alleges that First Advantage violated section 1681b(b)(1) of the FCRA ("(b)(1)") by failing to obtain certification from Shred-It as to its compliance with (b)(2) before issuing his report.  (Id. ¶ 39.)  Plaintiff does not allege that his report included any adverse information, that he

---

[1] (b)(2) also requires the consumer to "authorize[ release of the report] in writing," which plaintiff did here. (Consent Form.)

was turned down for the job with Shred-It, or that he suffered any actual damages from First Advantage's alleged failure to comply with (b)(1).

First Advantage now moves to dismiss plaintiff's first amended Complaint for lack of standing, and thus subject matter jurisdiction, under Rule 12(b)(1).  (First Advantage's Mot., Mem. ("First Advantage's Mem.") at 1-2 (Docket No. 71-1).)  On a 12(b)(1) motion, "the plaintiff bears the burden of demonstrating that the court has jurisdiction."  Boardman v. Shulman, No. 2:12-CV-00639 MCE, 2012 WL 6088309, at *2 (E.D. Cal. Dec. 6, 2012).  A defendant may succeed on a 12(b)(1) motion by successfully "assert[ing] that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction" (i.e., a "facial attack"), or "disput[ing] the truth of the allegations" (i.e., a "factual attack").  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  Because defendant's Motion does not dispute the facts alleged in plaintiff's first amended Complaint, the court will treat the Motion as a "facial attack."

First Advantage argues that under the United States Supreme Court's decision in Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), plaintiff has not alleged a "concrete" injury giving rise to Article III standing.  (First Advantage's Mem. at 1.)  In Spokeo, the Supreme Court clarified that only "concrete" injuries--injuries that are "'real,' and not 'abstract'"--give rise to Article III standing.[2]  Spokeo, 136 S. Ct. at 1548.  "[A]

---

[2] In order to have Article III standing, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.'" Spokeo, 136 S. Ct. at 1548 (internal citation omitted).  Prior to

3

bare procedural violation, divorced from any concrete harm [does not] satisfy the injury-in-fact requirement of Article III." Id. at 1549. While Congress may "identify[] and elevate[e]" an "intangible harm" to the status of a "concrete" injury, "a plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue." Id. "Article III standing requires a concrete injury even in the context of a statutory violation." Id.

The Spokeo Court specifically noted that "violation of one of the FCRA's procedural requirements may result in no harm." Id. at 1550. Where a reporting agency provides the "incorrect zip code" on a consumer report, the Court cited as an example, "[i]t is difficult to imagine how the dissemination of [that] zip code, without more, could work any concrete harm." Id. Where "a consumer reporting agency fails to provide [a] required notice to a user of the agency's consumer information," the Court cited as a second example, "that information regardless may be entirely accurate" and thus fail to give rise to a "concrete" injury. Id.

At least one federal court in this circuit has held that failure to comply with (b)(1)'s certification requirement does not give rise to a "concrete" injury. See Larroque v. First Advantage LNS Screening Sols., Inc., No. 15-CV-04684 JSC, 2016 WL 4577257, at *5 (N.D. Cal. Sept. 2, 2016). A federal court in the

---

Spokeo, federal courts had been reading the "concrete" requirement to be subsumed under the "particularized" requirement. See, e.g., Robins v. Spokeo, Inc., 742 F.3d 409, 413 (9th Cir. 2014). Spokeo clarified that "concrete" is a separate inquiry in itself. See Spokeo, 136 S. Ct. at 1548.

4

1  Sixth Circuit has held the same.  See Disalvo v. Intellicorp
2  Records, Inc., No. 1:16 CV 1697, 2016 WL 5405258, at *3 (N.D.
3  Ohio Sept. 27, 2016) (failure to comply with (b)(1)'s
4  certification requirement does not give rise to Article III
5  standing).  Plaintiff cites no case, and the court is not aware
6  of any case, holding that failure to comply with (b)(1) results
7  in a "concrete" injury.
8            In light of the above-cited authorities, the court
9  finds that plaintiff has not alleged that First Advantage caused
10 him a "concrete" injury in this case.  The amended Complaint does
11 not indicate that First Advantage's failure to obtain
12 certification from Shred-It prior to issuing plaintiff's report
13 resulted in any adverse consequences to plaintiff.  Even assuming
14 that First Advantage's failure to obtain certification caused
15 Shred-It's failure to follow (b)(2)'s 'separate document' rule,
16 the lack of a separate document here did not result in any
17 unauthorized invasion of plaintiff's privacy.  To the contrary,
18 plaintiff consented in writing to release his consumer report to
19 defendants. (Consent Form.)  The form he signed contained a
20 clear, partially bolded notice in the second paragraph stating
21 that he was agreeing to release his consumer report to
22 defendants.  (See id.)  Plaintiff does not allege that he failed
23 to see or understand the notice.  Because plaintiff's (b)(1)
24 claim amounts to "a bare procedural violation, divorced from any
25 concrete harm," the court must dismiss his amended Complaint for
26 lack of standing as to First Advantage.
27           Arguing on the assumption that First Advantage caused
28 Shred-It's failure to comply with (b)(2), plaintiff directs the

1  court's attention to Thomas v. FTS USA, LLC, No. 3:13-CV-825,
2  2016 WL 3653878 (E.D. Va. June 30, 2016), which found that (b)(2)
3  creates two rights which, when violated, each give rise to
4  "concrete" injuries: (1) "a right to privacy in one's consumer
5  report," and (2) "a right to specific information in the form of
6  a clear and conspicuous" notice that one's consumer report would
7  be released.[3]  Id. at * 19.

8       With respect to (1), the court again notes that there
9  was no unauthorized invasion of privacy here.  Whereas Thomas
10 involved a plaintiff who was never provided notice of or
11 opportunity to consent to release of his consumer report, see id.
12 at *3, plaintiff was provided such notice and opportunity here,
13 (see FAC ¶ 14).  With respect to (2), the court similarly notes
14 that defendants' consent form contained a clear, partially bolded
15 notice stating that plaintiff was agreeing to "authorize Securit
16 / Shred It and First Advantage to conduct a review of [his]
17 background through a consumer report." (Consent Form.)  While
18 the notice was not given "in a document that consists solely of
19 the [notice]" as required by (b)(2), there is no allegation that
20 plaintiff failed to see or understand the notice.  Thus, even
21 assuming that (b)(2) creates a "concrete" right to "a clear and
22 conspicuous" notice, First Advantage did not violate that right.

---

[3] Thomas extracted these rights from (b)(2) by analyzing "the common law . . . right to personal privacy" and "Congress' legislative judgment." Thomas, 2016 WL 3653878, at *10. The conducting of such an analysis is appropriate under Spokeo. Spokeo, 136 S. Ct. at 1549 ("In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles.").

To the extent Thomas and other unpublished cases[4] after Spokeo have gone so far as to hold that inclusion of 'extraneous' information on a (b)(2) notice is itself a "concrete" injury, the court must join with numerous other courts in respectfully disagreeing with such authorities. See, e.g., Tyus, v. United States Postal Service, No. 15-CV-1467, 2016 WL 6108942, at *6 (E.D. Wis. Oct. 19, 2016) (inclusion of extraneous information on (b)(2) notice is not a "concrete" injury); Nokchan v. Lyft, Inc., No. 15-CV-03008 JCS, 2016 WL 5815287, at *9 (N.D. Cal. Oct. 5, 2016) (holding the same); Fisher v. Enter. Holdings, Inc., No. 4:15-CV-00372 AGF, 2016 WL 4665899, at *1 (E.D. Mo. Sept. 7, 2016) (holding the same); Smith v. Ohio State Univ., No. 2:15-CV-3030, 2016 WL 3182675, at *1, 4 (S.D. Ohio June 8, 2016) (holding the same).

Because plaintiff has not alleged a "concrete" injury in this case, and because the court cannot conceive of a "concrete" injury that might have resulted from First Advantage's alleged failure to comply with (b)(1), the court must dismiss plaintiff's first amended Complaint with prejudice. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

IT IS THEREFORE ORDERED that First Advantage Background Services' Motion to dismiss plaintiff's first amended Complaint

---

[4] See Moody v. Ascenda USA Inc., No. 16-CV-60364 WPD, 2016 WL 5900216 (S.D. Fla. Oct. 5, 2016); and Meza v. Verizon Commc'ns, Inc., No. 1:16-CV-0739 AWI MJS, 2016 WL 4721475 (E.D. Cal. Sept. 9, 2016). The Ninth Circuit has not ruled on the issue.

7

1  be, and the same hereby is, GRANTED.  Plaintiff's first amended
2  Complaint is DISMISSED WITH PREJUDICE.
3  Dated:   November 10, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE